UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| CARLA M. SANFORD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 08-2196 |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

# O R D E R

In February 2008, Administrative Law Judge (hereinafter "ALJ") John Wood denied Plaintiff Carla Sanford's application for social security disability insurance benefits for a closed period from May 2004 through October 2005. ALJ Wood based his decision on his finding that Plaintiff was able to perform some of her past relevant work.

In August 2008, Plaintiff filed a Complaint for Judicial Review (#3) against Defendant Michael Astrue, the Commissioner of Social Security, seeking judicial review of the ALJ's decision to deny social security benefits. In January 2009, Plaintiff filed a Motion for Summary Judgment or Remand (#10). In May 2009, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision (#14). After reviewing the administrative record and the parties' memoranda, this Court **DENIES** Plaintiff's Motion for Summary Judgment or Remand **(#10)**.

### I.  Background

The parties have consented to the jurisdiction of a United States Magistrate Judge.

Plaintiff filed an application for disability benefits for a closed period from May 2004 through October 2005 based on a number of complaints, including lupus, high blood pressure, diabetes, arthritis, and stress. (R. 110.) The Social Security Administration denied her

application initially and on reconsideration.  At Plaintiff's request, the ALJ held a hearing in February 2008.  An attorney represented Plaintiff at the hearing.  In February 2008, the ALJ issued a decision denying Plaintiff benefits on the basis that she could perform her past relevant work.  In April 2008, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  In August 2008, Plaintiff appealed this decision by filing a complaint with this Court pursuant to 42 U.S.C. § 405(g).  Plaintiff seeks an outright reversal.  In the alternative, she asks the Court to remand the case for reconsideration.

Plaintiff previously worked for U.S. Can for twenty-five years as a packager and machine operator.  At the hearing, Plaintiff testified that she retired from her job in May 2004 because she was becoming increasingly ill and was having difficulty performing her job duties.  She stated that she had swelling in her hands and feet, constant headaches, nausea, blurred vision, and a feeling of weakness and lack of energy; she was having problems dropping things; she had back pain, tingling in her feet, intermittent numbness in her left arm, and deep aches and pains in her joints.  She stated that, at the time she quit working, she could not afford to purchase her medication.  After her husband's medical insurance changed, she was able to purchase medication.  With medication, she was able to function better, although she still had problems.  In November 2005, Plaintiff began working as a home health aide.

## II.  Standard of Review

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's finding with the Court's own assessment of the evidence.  *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989).  The findings of the Commissioner of Social Security as to any fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Thus, the question before the Court is not whether a plaintiff is, in fact, disabled, but whether the evidence substantially supports the ALJ's findings.  *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995).  The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether a plaintiff is disabled, the Court must affirm the ALJ's decision denying benefits. *Books v. Chater*, 91 F.3d 972, 977-78 (7th Cir. 1996).

The Court gives considerable deference to the ALJ's credibility finding and will not overturn it unless the plaintiff can show that those findings are patently wrong. *Urban v. Sullivan*, 799 F. Supp. 908, 911 (C.D. Ill. 1992).

### III.  Discussion

Plaintiff first argues that the ALJ failed to properly evaluate her mental impairments because (1) the ALJ relied on a nonexamining State agency doctor's report instead of an examining doctor's clinic notes; (2) the ALJ relied in part on the lack of evidence in the record regarding Plaintiff's mental impairments; (3) although the ALJ acknowledged that Plaintiff had mild limitations in some areas, the ALJ did not include those limitations in Plaintiff's RFC; and (4) the ALJ's RFC failed to limit Plaintiff to one- and two-step unskilled tasks.

Defendant responds that substantial evidence supports the ALJ's determination that Plaintiff did not have a severe mental impairment.  Specifically, Defendant contends that (1) an ALJ is not required to assign greater weight to an examining doctor than to a State agency doctor (*see Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008)); (2) the ALJ did not draw any adverse inferences from Plaintiff's lack of treatment for mental health issues; (3) the ALJ did not err by failing to include Plaintiff's mild limitations in social functioning and maintaining concentration, persistence, and pace in the RFC because any such limitations were speculative: Dr. Williams stated only that Plaintiff *may* display such limitations (*see* R. 221); and (4) even if Plaintiff was limited to unskilled work, she could still perform her past unskilled job of machine packager.

After reviewing the record in light of the parties' arguments, the Court agrees with Defendant.  Accordingly, the Court concludes that the ALJ did not err when assessing Plaintiff's mental impairments.

3

Second, Plaintiff argues that the ALJ erred by failing to consider the combined effect of all of Plaintiff's impairments, including back pain, obesity, poorly-controlled hypertension, and diabetes. Plaintiff also states that she should be limited to sedentary work based on the combination of her impairments.

Defendant responds that Plaintiff did not present any evidence or argument demonstrating how a particular impairment or combination of impairments would interfere with her ability to perform medium work; instead she argued generally that the ALJ did not consider the combined effect of the impairments. Regarding Plaintiff's contention that she should be limited to sedentary work, Defendant states that Plaintiff presented no evidence to support this contention, therefore she has waived this argument. *See Capitol Indem. Corp. v. Elston Self Serv. Wholesale Groceries, Inc*., 559 F.3d 616, 619 (7th Cir. 2009) (holding that a party waives any argument that she fails to develop).

The Court has reviewed the ALJ's decision and notes that the ALJ expressly stated that "while many of the claimant's physical complaints would not be considered severe impairments, all of her complaints, regardless of severity, have been taken into consideration when determining her residual functional capacity." (R. 17.) In addition to this general statement, the ALJ specifically referred to Plaintiff's obesity when assessing the evidence and stated, among other things, that "this appears to be a longstanding issue and [Plaintiff] has demonstrated that she can work despite it." (R. 26.) The ALJ also discussed Plaintiff's diabetes, hypertension, and back pain, and their effect on her ability to work. (R. 17, 25-26.) Accordingly, the Court concludes that the ALJ adequately considered the combined effect of Plaintiff's impairments on her ability to work.

Third, Plaintiff argues that the ALJ erred when he found Plaintiff not entirely credible.

The Seventh Circuit has outlined an extremely deferential standard of review regarding credibility; a court will reverse the ALJ's findings on credibility only when they are patently wrong. *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000). Furthermore, a court should

conclude that a credibility determination is patently wrong only when it "lacks any explanation or support." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008).

The ALJ's lengthy discussion of the evidence contains several statements that refer to Plaintiff's credibility, including the following: (1) Dr. Raju examined Plaintiff in December 2004 and noted no restrictions in work-related activities such as sitting, standing, walking, hearing, or speaking (R. 23); (2) Plaintiff had been prescribed pain medication for her lupus, but she rarely took it, even though she rated her joint pain as 7/10 (R. 23); (3) although Plaintiff voiced a lot of complaints at the consultative examinations in October 2004, January 2005, March 2005, July 2005, and December 2005, the medical records do not substantiate many of her complaints as to their purported severity and ongoing presence and her physical examinations were normal or unremarkable (R. 24); (4) Plaintiff's lupus manifested as skin rashes that would not prevent Plaintiff from working (R. 24-25) and Plaintiff's work history demonstrates that she could work despite her lupus (R. 25); (5) Plaintiff's most significant back pain complaints occurred before the beginning of the closed period while Plaintiff was still performing medium work, thus indicating that her back pain did not prevent her from working (R. 25); (6) the medical records do not document some of Plaintiff's complaints or substantiate the presence of other complaints with any consistency, and there is no evidence that Plaintiff had problems dropping things or other manipulative difficulties (R. 26); (7) Plaintiff's obesity was a longstanding issue and Plaintiff's work history shows that it does not prevent her from working (R. 26); and (8) Plaintiff's other medical problems were present before and after the requested closed period and Plaintiff's work history shows that they did not prevent her from working (R. 26).

Although the ALJ's explanation for his credibility determination is buried in his discussion of the evidence, it does minimally satisfy the Seventh Circuit court's requirement that the ALJ explain his reasoning. Furthermore, the Court has reviewed the record and concludes that the ALJ's reasoning is not patently wrong. Accordingly, the Court cannot conclude that the ALJ erred when assessing Plaintiff's credibility.

## IV.  Summary

For the reasons set forth above, this Court **DENIES** Plaintiff's Motion for Summary Judgment or Remand **(#10)**.

ENTER this 14th day of October, 2009.

                                                        s/ DAVID G. BERNTHAL  
                                                        U.S. MAGISTRATE JUDGE